### R. H. SHUCK ADMR. *v.* J. H. LAWLER.

Off-set—Account—Prima Facie Evidence of Settlement.

> Items of an account, pleaded as a set-off in a suit on notes, and which were created before the date of the notes, the execution of the notes is prima facie evidence that said accounts were thereby settled.

APPEAL FROM OWEN CIRCUIT COURT.

January 15, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The only question presented by this record is as to the propriety of the action of the court below in granting the instruction asked by appellee, and refusing those asked by appellant.

If there is any evidence in the record directly or from which it can be reasonably inferred, as assumed in the instruction given for appellee, that at the time the notes sued upon were executed, there was an agreement between appellant's intestate, and appellee, that the accounts of the latter should be left out of the settlement then made, to be settled at a future day, it has escaped this court. Wainscott proves he heard Sparks say to appellee in May, 1864, to get up his accounts, and when he came over he would settle them. And he furthermore proves that a paper shown to him dated the 5th of May, 1864, the date of the first note executed by appellee to Sparks contained the valuation of the furniture but whether the difference in the value of the furniture as shown by that paper was settled or not, he does not prove, but on the next day appellee executed a second note to Sparks, for a little over half the amount the note executed the day before is for—both are payable one day after date; why the two amounts were not put together and included in one note on the 5th of May, 1864, is not explained—and this court will not indulge in conjectures to account for it; but in the absence of sufficient evidence of an agreement for a future settlement, the instruction given for appellee was abstract and was not authorized.

Nor can we concur with the court below that the instructions given in place of those asked by appellant were the correct ex-

position of the law. If the items of the account pleaded as a set-off were created before the notes bear date, the execution of the notes is *prima facie* evidence that said accounts were then settled, and that appellant was indebted to Sparks in the sums named in said notes, which may be rebutted by evidence that they were not then settled.

As the instructions given do not conform to the law of the case, the judgment must be reversed, and the cause remanded with directions to award a new trial and for further proceedings consistent herewith.

*Lindsey, for appellant.*

*Scott, for appellee.*